IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| JAMIE PECK, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-cv-11329 |
| | ) | |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY | ) | |
| COMPANY, LLC, d/b/a ERC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, JAMIE PECK, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. JAMIE PECK, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Marysville, County of Saint Clair, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Barclays Bank Delaware (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Florida. Defendant is registered as a limited liability company in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about September 10, 2015, Defendant sent Plaintiff a correspondence dated September 10, 2015, in an attempt to collect the Debt from Plaintiff.

15. The aforesaid correspondence was the initial communication with Plaintiff.

16. The aforesaid correspondence stated, *inter alia*:

> "We are willing to accept a settlement of a lesser amount of the total outstanding balance due...Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be update on your credit bureau."

17. Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that the Debt was being reported to the credit reporting agencies as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

18. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

19. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

   i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

   ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

   iii. The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

20. The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

21. The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

22. The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

23. The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

24. At the time Defendant made the aforementioned representations, i.e., that the Debt would be reported to credit reporting agencies, the account relative to the debt on which Defendant was attempting to collect antedated the applicable reporting period by more than seven (7) years.

25. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, the Debt would not appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

26. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, said information would be unlikely to appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

27. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt as Defendant implied that the Debt would appear on Plaintiff's credit report and have a detrimental affect on Plaintiff's credit score when in fact, the consumer reporting agencies would be precluded from reporting said debt pursuant to §1681c(a)(4) of the FCRA.

28. Defendant's representations, as delineated above, were unfair and unconscionable as the threat to report the Debt to the consumer reporting agencies was a hollow threat made only to intimidate Plaintiff into making payment against said debt.

29. Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse the Plaintiff.

30. At the time Defendant made the representations regarding the reporting of the Debt to the consumer reporting agencies, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

31. In its attempts to collect the debt allegedly owed by Plaintiff to Barclays Bank Delaware, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   J<small>URY</small> D<small>EMAND</small>

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   P<small>RAYER FOR</small> R<small>ELIEF</small>

WHEREFORE, Plaintiff, JAMIE PECK, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

           Respectfully submitted,
           **JAMIE PECK**

         By: s/ David M. Marco
           Attorney for Plaintiff

Dated: April 12, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com